UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., by and through her guardian ad litem, CHERYLL HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OAKLAND SCHOOL FOR THE ARTS, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-05500-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Now before the Court is the motion by defendant Oakland School for the Arts ("OSA") to dismiss plaintiff I.H.'s complaint. Docket No. 22. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing set for February 17, 2017. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss the complaint and GRANTS plaintiff leave to amend.

**BACKGROUND**

The following allegations are taken from the complaint, which the Court treats as true for purposes of this motion. Plaintiff I.H. is a minor who attended the Oakland School for the Arts, "a charter school under the auspices of the Oakland Unified School District through OUSD Office of Charter Schools." Docket No. 1, Compl. ¶ 2. On March 8, 2016, I.H. used a drinking fountain in the hallway of the school to take her birth control medication. *Id.* ¶ 14. Tamaris Usher, a security guard for OSA, "accosted, berated and belittled" I.H. for her use of the medication. *Id.* Usher "questioned [I.H.'s] virginity in public and called her a 'slut' and a 'whore' in a voice loud enough for all others present to overhear." *Id.* Plaintiff alleges that beginning on March 8, 2016, she was

1  "repeatedly harassed, accosted, intimidated, humiliated and discriminated against by employees, students and administrators, based upon Plaintiff's sex." *Id.* ¶15.  Plaintiff has sought counseling to deal with the resulting stress and humiliation. *Id.* ¶ 14.

Plaintiff further alleges that Usher had similarly accosted other female students previously, and that the school district was aware of Usher's conduct but had made no attempts to discipline him. *Id.* ¶¶ 14, 19. According to the complaint, I.H. and her parents complained to school employees and agents about the incident that occurred on March 8, 2016, but that the defendants "initially took no significant disciplinary or remedial action against the perpetrator . . . until well after Plaintiff complained." *Id.* ¶ 20.

On September 27, 2016, I.H. brought this lawsuit through Cheryll Hunter, her guardian ad litem. Docket No. 1. Plaintiff sues OSA, the Oakland Unified School District ("OUSD"), OUSD Office of Charter Schools, and Doe defendants 1 through 15.[1] Plaintiff brings the following claims for relief: (1) violation of Equal Protection on the basis of sex, under the Fourteenth Amendment of the U.S. Constitution, (2) violation of Due Process, under the Fourteenth Amendment of the U.S. Constitution, (3) conspiracy, under 42 U.S.C. § 1985(3), (4) violation of Title IX, under 20 U.S.C. §§ 1681-1688, (5) violation of civil rights, under 42 U.S.C. § 1983, (6) neglect to prevent, under 42 U.S.C. § 1986, (7) violation of Equal Protection on the basis of sex, under the California Constitution, Article I, § 79(a), (8) deprivation of civil rights, under Cal. Civ. Code § 51, and (9) freedom from violence, under Cal. Civ. Code § 51.7. Plaintiff seeks damages against all defendants, as well as attorneys' fees and costs. *Id.* at 16.

On December 5, 2016, defendant OUSD answered the complaint. Docket No. 19. OUSD also filed a cross-claim for indemnity against OSA. Docket No. 20. On December 16, 2016, OSA filed the present motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 22. OSA argues that the complaint must be dismissed because OSA is not a state actor under 42 U.S.C. § 1983, OSA is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985, and 1986, plaintiff has set forth no facts of a conspiracy under 42 U.S.C.

---

[1] The caption of plaintiff's complaint also names the Oakland Board of Education, but the complaint makes no allegations against this entity.

2

1  §§ 1985(3) and 1986, and plaintiff has set forth no facts alleging violence or intimidation by threat

2  of violence under California Civil Code § 51.7.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**I.     Claims 1, 2, and 5: State Action under 42 U.S.C. § 1983**

Defendant OSA argues first that plaintiff's claims brought under 42 U.S.C. § 1983 must be dismissed because OSA is not a "state actor" within the meaning of that statute. Docket No. 22,

Mot. at 4.

Section 1983 is not a substantive source of rights; instead it provides a method by which plaintiffs may vindicate rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To establish a claim under section 1983, a plaintiff must demonstrate that: (1) he was deprived "of a right secured by the Constitution and laws of the United States," and (2) that the deprivation was accomplished by an individual "acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The central inquiry is, therefore, whether the actions leading to the deprivation of the right are "fairly attributable to the State." *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982). To this end, courts apply a two-prong test, asking: (1) whether the deprivation was "caused by the exercise of some right or privilege created by the State or . . . by a person for whom the State is responsible[,]" and (2) whether "the party charged with the deprivation . . . may fairly be said to be a state actor." *Id.*

Generally, private individuals and entities cannot be held liable under section 1983, because this section "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). Thus, the Court must begin "with the presumption that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim*, 639 F.3d 916, 922 (9th Cir. 2011). It is the plaintiff's burden to prove otherwise. *Id.* (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

The determination whether actions may be considered state action "is a matter of normative judgment, and the criteria lack rigid simplicity . . . ." *Id.* at 924 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001)). "Because of the fact-intensive nature of the inquiry, courts have developed a variety of approaches" to this inquiry. *Id.* (quoting *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002)). "The Supreme Court has identified at least seven such approaches." *Id.* (citing *Brentwood Acad.*, 531 U.S. at 296). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing *Lee*, 276 F.3d at 554).

As support for its argument that OSA is not a state actor, OSA cites primarily to the Ninth

Circuit decision in *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806 (2010). That case involved a former teacher at a charter school in Arizona who sued under section 1983 for violation of his due process and First Amendment rights in connection with his termination. *Caviness*, 590 F.3d at 808, 811.  On appeal following the district court's dismissal, the Ninth Circuit evaluated "whether a private non-profit corporation that runs a charter school[] in Arizona was a state actor under 42 U.S.C. § 1983 when it took certain employment-related actions with respect to [the] former teacher . . . ." *Id.* at 808.  Based on the arguments that the teacher presented, the court explained that "the appeal must fail unless being an Arizona charter school is, by that fact alone, sufficient to make [the defendant non-profit] the government for employment purposes." *Id.* at 813.  Finding that it did not, the court affirmed the dismissal.  *Id.* at 818.

OSA argues that *Caviness*, and the similarities between the Arizona and California charter school systems, mean that plaintiff cannot meet the state action requirement here.  Plaintiff argues that *Caviness* is distinguishable, and that the holding of that case should be limited to the employment context.  Plaintiff argues that she should not be held to the ruling in *Caviness* because "the relationship on which the present case focuses is that of student-school."  Docket No. 32, Oppo. at 4.  The Court agrees with plaintiff that the holding of *Caviness* turned on the underlying employment relationship between the parties.  The appeals court explained that "[i]t is important to identify the function at issue because an entity may be a State actor for some purposes but not for others." *Caviness*, 590 F.3d at 812-13 (quoting *Lee*, 276 F.3d at 555 n.5).

Nevertheless, *Caviness* is instructive as to what may or may not constitute state action in the present context.  For instance, under *Caviness*, it is unlikely that California law characterizing charter schools as "public schools" will suffice to prove state action.  *See id.* at 813-14; Cal. Educ. Code § 47615(a).  It is also unlikely that plaintiff may argue that OSA is a state actor under the "public function" test, as the Ninth Circuit has explained that the "provision of educational services is not a function that is traditionally and exclusively the prerogative of the state . . . ." *See id.* at 815-16 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)).  Finally, plaintiff will not be able to show state action if the conduct at issue was carried out "by concededly private parties, and turn[ed] on judgments made by private parties without standards established by the State." *See id.*

1  at 817-18 (quoting *Sullivan*, 526 U.S. at 53); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345,
2  350 (1974) (mere state regulation of a private entity is insufficient to establish state action).

3   Although there are "a variety of approaches" for a court to find state action, plaintiff does not make clear under which approach she seeks to hold OSA liable. *See Florer*, 639 F.3d at 924. The complaint does not distinguish between the various roles that defendants OSA or OUSD played in the challenged actions, nor does the complaint clarify what defendants' roles are vis-à-vis each other. The only allegations that the Court can identify that might speak to OSA's role as a state actor are allegations that OSA "is a California Charter School and authorized under the laws of the State of California[,]" that on information and belief "OSA is an instrumentality of the Oakland Unified School District," that "each and every Defendant was the agent of each and every other Defendant," that "[a]ll actions of each Defendant were ratified and approved by every other Defendant[,]" and that "Defendants had conversations and agreements between them in which decisions were made to deprive Plaintiff of her constitutional and statutory rights . . . ." *See* Compl. ¶¶ 8, 13, 31. In her opposition brief, plaintiff distinguishes *Caviness* but offers no authority or approach under which the Court should approve her assertion that "charter schools are acting as state agents when they are attempting to fulfill the role of providing students with a public education." *See* Oppo. at 5. Under the allegations presently before it, the Court finds that plaintiff has not met her burden of showing that OSA is a state actor. *See Florer*, 639 F.3d at 922.

   For these reasons, the Court GRANTS OSA's motion to dismiss the section 1983 claims (Claims 1, 2, and 5) with leave to amend.

## II. Claims 3 and 6: Conspiracy under 42 U.S.C. §§ 1985(3), 1986

   Defendant OSA also seeks to dismiss plaintiff's third and sixth claims for relief, brought under 42 U.S.C. §§ 1985(3) and 1986. OSA argues that plaintiff has set forth no facts alleging a conspiracy or an act in furtherance of a conspiracy. Mot. at 12. In opposition, plaintiff cites to several paragraphs of her complaint, alleging the elements for a claim under sections 1985(3) and 1986, and stating that "[t]hese allegations are sufficient to state a claim for relief . . . ." Oppo. at 8 (citing Compl. ¶¶ 41-45, 51-53).

42 U.S.C. § 1985 contains three subparts. 42 U.S.C. § 1985(3) provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). Based on the arguments in her opposition brief, the Court presumes that plaintiff intends to allege a violation under the first clause of 42 U.S.C. § 1985(3). *See* Oppo. at 8. This clause provides a remedy where:

> two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . .

42 U.S.C. § 1985(3). A cause of action under section 1985(3) requires a showing of some racial or class-based discrimination, but only the first clause of section 1985(3) requires intent to deprive victims of the equal protections of the laws. *See Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983).

The elements of a claim under the first clause of section 1985(3) are: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284, *rehearing den.*, 151 F.3d 1247 (9th Cir. 1998)). "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979).

42 U.S.C. § 1986 provides a cause of action for damages where a valid claim for relief has been stated under section 1985. *See* 42 U.S.C. § 1986; *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

Though it is unclear, plaintiff's claim under section 1985(3) appears to be based on her allegation that there were "conversations and agreements made among and between the Defendants in which specific decisions were made to ignore Plaintiff's complaints that she had been harassed and discriminated against on the basis of her sex." *See* Compl. ¶ 44. Plaintiff also alleges that "Defendants and their agents conspired to violate the constitutional and statutory rights of Plaintiff" and that "Defendants' conspiracy was for the purpose of depriving Plaintiff of equal protection under the law." *Id.* ¶¶ 41-42.

These allegations alone are insufficient to show the existence of a conspiracy. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *see also Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) ("A mere allegation of conspiracy without factual specificity is insufficient.") (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005). The complaint provides no detail as to what is alleged to have taken place as part of this conspiracy nor by whom the conspiracy was carried out. Indeed, section 1985(3) requires the allegation of a conspiracy between two or more persons, yet plaintiff's complaint does not specifically identify, by name, title, or otherwise, any other individuals who engaged in conduct targeting plaintiff other than the security guard Tamaris Usher. And because Usher is not a named defendant in this case, the complaint does not appear to make him one of the conspirators. *See* Compl. ¶ 44. Thus, it is unclear from the complaint who, other than "defendants" generically, plaintiff alleges to have engaged in a conspiracy against her. This is not enough "to give fair notice and to enable the opposing party to defend itself effectively." *See AE*, 666 F.3d at 637.

Section 1986 provides for a remedy against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Because plaintiff fails to properly allege a violation of 42 U.S.C. § 1985, her section 1986 claim necessarily fails as well.

Accordingly, the Court GRANTS defendant OSA's motion to dismiss Claims 3 and 6, with leave to amend. Given that the Court has granted the motion to dismiss claims 1, 2, 3, 5, and 6 for the reasons stated above, the Court need not at this time address OSA's alternative argument that these claims must fail because OSA is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985, and 1986. *See* Mot. at 11.

### III. Claim 9: Violation of California Civil Code § 51.7

Plaintiff's ninth claim for relief alleges a violation of California Civil Code § 51.7. Compl. ¶¶ 58-59. The complaint incorporates all of the previous factual allegations, and alleges that "[t]he above-described conduct by Defendants violated the rights of Plaintiff to be free from violence, or intimidation by threat of violence, committed because of Plaintiff's sex." *Id.* ¶ 59. Defendant OSA moves to dismiss plaintiff's claim for failure to allege the element of violence or intimidation by threat of violence. Mot. at 13.

California Civil Code § 51.7 states that persons within California have the right to be free from any "violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 . . . ." Cal. Civ. Code § 51.7(a). Section 51(b) covers all people in California "no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status . . . ." *Id.* § 51(b). When claiming a violation of section 51.7, a plaintiff must show: "(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's [protected characteristic]; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009), *amended in part* (Sept. 8, 2009) (citing *Austin B. v. Escondido Union Sch. Dist*., 149 Cal. App. 4th 860, 880-81 (2007)).

In arguing that she has met the pleading requirements for her section 51.7 claim, plaintiff cites to the portions of her complaint that allege that "Plaintiff was repeatedly harassed, accosted, intimidated, humiliated and discriminated against by employees, students and administrators, based upon Plaintiff's sex," that she "was subjected to multiple incidents of harassment, intimidation, and discrimination, including hostile, offensive and unwelcome verbal, visual and physical conduct of a sexual nature," and that this conduct "violated the rights of Plaintiff to be free from violence, or intimidation by threat of violence, committed because of Plaintiff's sex." Oppo. at 9 (citing Compl. ¶¶ 15-16, 59).

1    The Court finds that plaintiff has failed to allege a violation of section 51.7. Plaintiff does
2    not allege any facts regarding specific threats of violence made against her or specific acts of
3    violence committed upon her. Instead, the complaint generally alleges that unnamed "employees,
4    students and administrators" committed certain acts, including "harass[ing], accost[ing, and]
5    intimidat[ing]" plaintiff. *See* Compl. ¶ 15. She also alleges that she "was subjected to multiple
6    incidents of harassment, intimidation, and discrimination, including . . . physical conduct of a
7    sexual nature" but without giving any information that would elevate these statements above the
8    conclusory level. *See id.* ¶ 16. These allegations are insufficient to show a specific threat of
9    violence. *Compare Winarto v. Toshiba Am. Elecs. Components, Inc*., 274 F.3d 1276, 1290 (9th
10   Cir. 2001) (holding statement "chick, you better walk faster or I am going to hurt you again"
11   constituted a threat of violence under section 51.7) *with Ramirez v. Wong*, 188 Cal. App. 4th 1480,
12   1482, 1486 (2010) (no threat of violence when a landlord entered two female tenants' apartment in
13   their absence to sniff their underwear because "[t]here can be no 'threat of violence' without some
14   expression of intent to injure or damage plaintiffs or their property . . . .");[2] *see also Campbell v.*
15   *Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014) ("The plain meaning of the word
16   'violence' [in section 51.7] clearly involves some physical, destructive act.") (alterations and
17   citation omitted)).

18   The Court is not persuaded by plaintiff's reliance on *Bolbol v. City of Daly City*, 754 F.
19   Supp. 2d 1095 (N.D. Cal. 2010), in which the district court granted summary judgment on a
20   section 51.7 claim in the defendant's favor. *See* Oppo. at 9-10. The analysis in that case centered
21   on whether a reasonable trier of fact could find that the plaintiff had been threatened by violence
22   based on her political affiliation. The dispute here centers not on a protected characteristic but on
23   whether plaintiff has adequately alleged the element of violence or intimidation by threat of
24   violence. *Bolbol* therefore does not support plaintiff's argument that her allegations suffice at this
25   time. It is also worth noting that the plaintiff in *Bolbol* got into "a physical confrontation" with the

---

[2] Plaintiff attempts to distinguish *Ramirez* by arguing that the conduct in that case "did not even occur in [the plaintiffs'] presence." Oppo at 10. This may be an important distinguishing factor but, absent allegations regarding what comments were directed at plaintiff I.H., the Court cannot say that this cases rises to the level of the threat that was found to suffice in *Winarto*.

10

1 defendant police officer, in which the officer hit plaintiff's hand against his vehicle and held her
2 hand "in a 'pain-compliance' hold for approximately 15-20 minutes[,]" "result[ing] in Bolbol
3 experiencing enough pain to believe that [the defendant] had broken her finger." *Bolbol*, 754 F.
4 Supp. 2d at 1102, 1110.

5 Accordingly, the Court GRANTS defendant's motion to dismiss the section 51.7 claim
6 with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant OSA's motion to dismiss. Claims 1, 2, 3, 5, 6, and 9 are therefore dismissed with leave to amend.

**Any amended complaint must be filed <u>on or before March 3, 2017.</u>**

**IT IS SO ORDERED**.

Dated: February 13, 2017

_____
SUSAN ILLSTON
United States District Judge

11